COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-266-CR

 

 

WILLIAM LESLIE NEAL                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant William Leslie Neal of
sexual assault and assaultBfamily
violence and assessed his punishment at life imprisonment and ninety-nine years=
confinement, respectively.  The trial
court sentenced him accordingly.








Neal=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion. 
Counsel=s brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief.  386 U.S. 738, 87 S. Ct. 1396
(1967).  Neal has filed a pro se brief in
which he enumerates three potential sources of errorCineffective
assistance of counsel, abuses of discretion by the trial court in the admission
and exclusion of evidence and limitations on cross-examination, and alleged Brady[2]
violations by the State. 

Once an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).








We have carefully reviewed the record, counsel=s brief, Neal=s eighty-eight-page pro
se brief, and an exhibit admitted solely as an offer of proof.  We agree with counsel that this appeal is
wholly frivolous and without merit; we find nothing in the record that might
arguably support the appeal.[3]  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex. Crim. App.
2005); see also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App.
2006).  Accordingly, we grant counsel=s motion to withdraw and
affirm the trial court=s judgment.       

 

 

PER
CURIAM

 

PANEL:  MCCOY, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: December 31,
2009

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Brady v. Maryland, 373 U.S. 83, 83 S. Ct.
1194 (1963).





[3]We note that an
ineffective assistance of counsel claim is usually best addressed by a
postconviction writ of habeas corpus.  See
Thompson v. State, 9 S.W.3d 808, 813B14 & n.6 (Tex. Crim. App. 1999); Ex parte
Torres, 943 S.W.2d 469, 475B76 (Tex. Crim. App. 1997); see also Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009); Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (AIn the majority of cases, the record on direct
appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel=s actions.@).